## Kentucky Cash Credit Corporation v. Quisenberry et al.

(Decided January 24, 1930.)

CLARKE, BEALE & WILLIS for appellant.

GILBERT, PICKETT & MATTHEWS and DOOLAN & DOOLAN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant is a corporation engaged in the business of loaning money on real estate. On the 16th of May, 1927, it loaned to the appellee Mary M. G. Quisenberry the sum of $1,200, for which she executed her note secured by a second mortgage on a residence she owned in Shelby county. At that time the Louisville Title Company held a first mortgage on this property. The mortgage as executed contained the customary clause that the mortgagor should keep the property insured for the benefit of the mortgagee, and that, if she failed to do so, the mortgagee had the privilege of procuring such insurance at the expense of the mortgagor. At the time this loan and mortgage were made, the appellee had a policy on her property in the amount of $2,000 which had a period yet to run. It stands admitted that the property mortgaged was worth far in excess of the amount of this policy and such other insurance as was then on the property or was upon the property at the time of its destruction. On the 19th day of March, 1928, the appellee's residence was destroyed by fire. Mrs. Quisenberry having defaulted in the payments on her mortgage in favor of the appellant, this suit was brought to foreclose that mortgage.

By her answer and counterclaim, Mrs. Quisenberry alleged that, at the time the loan was made her and this mortgage executed, it was agreed by and between her and Mr. Walker, who was then the president and general manager of the appellant, and who was conducting the transactions on behalf of the appellant, that at the expiration of the policy of insurance then on the property, to which we have referred, the appellant would have it renewed at the appellee's cost, but that, through mutual mistake and oversight, this agreement, which was a part of the contract covering the loan and mortgage, was omitted from the mortgage as executed, and the provision about insurance to which we have referred was inserted

therein. Appellee further alleged that the appellant had failed to renew this insurance on its expiration, a fact of which she was ignorant until after her property had been destroyed by fire, and that, by reason of this failure on the part of the appellant to renew that insurance, she had lost the amount of the same. She prayed that the mortgage be reformed to express the true contract and agreement, that, when so reformed, it be enforced and she be given judgment against the appellant in the sum of $2,000, the amount of the insurance lost. A traverse of the appellant made up the issues.

The court submitted the question to a jury whether or not the actual contract between the parties was as asserted by the appellee. The only proof introduced by either side was that produced by the appellee, and at its close both parties made a motion for a peremptory instruction. The court sustained that asked for by the appellee, so that, in effect, the case was really tried by the court as any other equitable action. The proof produced by the appellee consisted of the evidence of herself and that of Mr. Walker. They both unequivocally testify that the true contract was as claimed by Mrs. Quisenberry in her answer, and that the terms in the mortgage as executed did not truly express the true real agreement so far as this insurance matter is concerned. The court entered judgment in favor of Mrs. Quisenberry for the sum of $2,000 credited by the amount it is admitted she owed the appellant on its mortgage, and from that judgment this appeal is prosecuted.

The main and indeed only ground urged for reversal is that it is not shown that Mr. Walker had any authority to make the agreement as claimed by Mrs. Quisenberry. There is no merit in this contention. The record without dispute shows that Mr. Walker was the president and general manager of the appellant in charge of these negotiations. There is no contention that he did not have the authority to lend this money and take the mortgage. The mortgage itself as written contained a provision about how the insurance on this property was to be maintained. The appellant does not argue that its then president had no authority to make such a provision about the insurance. Indeed, it is well known that in all mortgages on improved property, some arrangement about insurance is inserted, and, as Walker was intrusted by the appellant with the closing of this loan and the taking of the mortgage, it was at least within the apparent scope of

his authority to arrange about the insurance. Whether the mortgagor or the mortgagee should be the one to attend to the renewal of the insurance was simply a matter of detail, and plainly it was at least within the apparent scope of the authority of Mr. Walker, the president, to assume this duty for the mortgagee instead of placing it upon the mortgagor. Cf. Seat v. Louisville & Jefferson County Land Co., 219 Ky. 418, 293 S. W. 986.

The judgment of the lower court is affirmed.